## Mrs. Augustine Swain *v.* R. J. Barrow and William Elam—Swiney, Green & Co., Intervenors.

E. constructed buildings for B. under a contract which was duly recorded. Afterwards, S., G. & Co. purchased the property and buildings at Sheriff's sale; E. drew a draft in favor of Mrs. S., on B., which was accepted by B. in consideration of the amount due for the buildings. Mrs. S sued E. and B. on the draft and claimed a privilege on the buildings; S., G. & Co. intervened. *Held:* E. had the right to claim from B. the amount due him for constructing the buildings, independent of the draft, and therefore no subrogation was necessary by payment of the draft or otherwise to enable E. to assert any rights which he might have asserted, had no such draft been given. There was no novation of the debt and no payment. E.'s rights against B.'s vendee were those of a mortgage creditor against property in the hands of a third person. Mrs. S. was entitled to judgment against B. and E. on the draft, but without privilege; E. to judgment against S., G. & Co., and with privilege.

APPEAL from the District Court of West Feliciana, *Merrick, J.*

*U. B. & E. Phillips,* for plaintiff. *Brewer & Collins,* for intervenors and appellants.

LEA, J. The plaintiff, the holder of a draft for the sum of $483, drawn by *William Elam* upon *Robert J. Barrow,* and accepted by the latter, claims from the drawer and acceptor the amount of the draft, with privilege for the payment thereof upon certain works or buildings constructed by *Elam* on the plantation of *Barrow.*

The privilege is claimed on the ground that the consideration for which said *Barrow* accepted and promised payment of said draft, was a debt due by *Barrow* to *Elam* for the construction of the buildings hereinbefore referred to.

For answer, *Barrow* pleads the general denial and avers that the property upon which the privilege is sought to be enforced, was passed into the hands of *Swiney, Green & Co.*, of New Orleans, they having purchased the same at Sheriff's sale, on the 26th November, 1853.

The defendant *Elam* pleads the want of a legal presentment for payment at maturity, and moreover avers that the consideration of the acceptance of the draft was for work and labor done on the plantation of *Barrow*, under a contract duly recorded on the 26th March, 1853, the contract itself being dated on the 5th of the same month, by reason whereof he avers that he has a lien and privilege upon the work, buildings and materials on said plantation, which he prays may be enforced in case he should be held liable to pay the draft sued upon; that the purchasers of the plantation acquired the same with full notice of his recorded claim, and are therefore liable to pay the same; and in case he should be decreed to be liable upon the draft, he prays for judgment against *Barrow* for the amount of the draft, as also against *Swiney, Green & Co.*, who are intervenors herein, with privilege upon the buildings erected under his contract with *Barrow*, on the plantation purchased by them.

*Swiney, Green & Co.*, by an intervention filed in the proceedings, contest the privilege of the plaintiff on the ground that *Elam* himself, under whom they claim, had no privilege, and if he had, that the same has been extinguished by novation. For answer to the petition of intervention, the plaintiff alleges the simulation of the sale to the intervenors and the continued possession of the defendant *Barrow* as owner.

Upon these numerous issues, the Judge of the District Court rendered judgment in favor of the plaintiff and against *Barrow* and *Elam* in solido, for the amount of the draft sued upon, but rejecting her claim for privilege and a further judgment against *Swiney, Green & Co.*, and in favor of *Elam*, for the like sum, with mortgage on the buildings situated on the property purchased by the said intervenors, with stay of execution until he shall have paid the debt sued upon or become otherwise subrogated to plaintiff's rights therein.

*Swiney, Green & Co.* have appealed.

It is unnecessary to enquire whether there is any error in the judgment rendered, except as far as it affects *Swiney, Green & Co.*, the appellants, the parties having acquiesced in the judgment so far as they are concerned.

No exception having been taken to the form of the proceedings, though somewhat irregular, and the case having been tried upon the issues as presented upon evidence received without objection, the question to be determined, as presented to this court by the appellants, is, whether *Elam* has a claim upon *Swiney, Green & Co.* for the amount of the draft sued upon, with mortgage as allowed by the judgment.

There is no privity between the plaintiff and the appellants. The liability of *Elam* to the plaintiff cannot affect the rights of the former against the intervenors. It is true that if *Barrow* had paid the draft, the claim of *Elam* under the building contract would to that extent have been extinguished. The fact, however, that this draft was not paid, taken in connection with other testimony, shows that there remains an unsatisfied balance of that amount yet due to *Elam* upon *Barrow's* contract with him; but this liability is independent of

the draft, and therefore no subrogation is necessary by payment of the draft or otherwise, to enable *Elam* to assert any right which he might have asserted had no such draft been drawn. *Elam* had the right to claim from *Barrow* the balance due him at the time the draft was drawn, or at least at the time it matured. There was no novation of the debt and no payment. *Elam's* rights against *Barrow's* vendee were those of a mortgage creditor against property in the hands of third persons purchasing with notice, the building contract having been recorded in the mortgage office, some months prior to the purchase, by the intervenors, who at the time of the purchase retained in their hands, out of the price, a sufficient amount to liquidate *Elam's* claim. No change in the judgment has been prayed for in favor of *Elam* We are therefore unable to place him in a better position than he is placed by the judgment appealed from, and if the foregoing views are correct, the appellants have no ground of complaint.

Judgment affirmed.